## Byers et ux. v. Stine et ux.

*Rudolf M. Wertime*, for plaintiffs.
*William R. Davison*, for defendants.

WINGERD, P. J., June 24, 1949.—Plaintiffs brought suit in assumpsit before a justice of the peace and judgment was entered in favor of plaintiffs in the sum of $82.50, together with costs of suit, and against defendants.

The justice's record is before us on certiorari issued at request of defendants.

Defendants filed the following exceptions to the record of the justice of the peace, to wit:

"(1) Because, although the hearing was had on the 17th day of November, 1948, and judgment was not entered until the 26th day of November, 1948, the record of the Justice fails to disclose that he had reserved his judgment to any particular time.

"(2) Because the Justice, having withheld his decision to a future date which was not fixed, failed to notify the defendants or their attorney when judgment was to be rendered.

"(3) Because the first and only notice of the entry of judgment was a carbon copy of the Justice's record, duly certified by him as a true and correct transcript of the proceedings had before him; which was mailed in an envelope post marked at Chambersburg, Pa., November 27th, 1948, and addressed to Wm. R. Davison, Greencastle, Penna., defendants' attorney; which envelope and certified copy of the docket is annexed hereto and made part of these exceptions.

"(4) Because the judgment entered by the Justice of the Peace, as shown by said certified copy of the record, was entered against Glenn C. Strine and Agnes E. Strine, and not against the defendants in the suit, as appears on the transcript of the proceedings returned by the Justice of the Peace to the Common Pleas Court.

"(5) Because, after the docket had been made up, judgment entered and notice thereof given to the defendants' attorney, the Justice of the Peace, contrary to any lawful right vested in him, corrected his docket entries by changing the names of the persons against whom judgment had been entered."

The exceptions to the record of the justice of the peace raise two questions. First, is a judgment entered by a justice of the peace invalid when it is entered at a day subsequent to the hearing, although within 10 days thereof, if the justice had not reserved judgment to a particular time or had not given notice to defendants or their attorney when the judgment was to be rendered, although notice was promptly given to defendants' attorney of the entry of the judgment? Second, has a justice of the peace the right to correct his record to conform to the actual facts after the entry of judgment and the furnishing to defendants' attorney of a transcript of his record but before he returned his record to the court of common pleas pur-

suant to certiorari issued by that court? We will consider the first question.

The Act of March 22, 1877, P. L. 13, 42 PS §§670, 671, provides:

"It shall be the duty of justices of the peace and aldermen of this commonwealth to render judgment in any cause or causes pending before them within a period of ten days after the evidence in said cause shall have been heard."

"Any justice of the peace or alderman of this commonwealth, who shall fail to comply with the provisions of this act, shall be guilty of a misdemeanor, and, upon conviction, shall be fined in any sum not exceeding one hundred dollars."

This act specifically gives a justice of the peace 10 days after hearing in which to enter judgment and if he fails so to do, he is guilty of a misdemeanor. It does not provide that a judgment entered after 10 days is invalid. However, there is a difference of opinion concerning this as there is authority that a judgment entered after the 10-day period is invalid and also authority to the contrary: Subordinate Courts in Penna., Valentine, sec. 131, pp. 290-291. Clearly, the act does not contemplate that a judgment entered within the 10-day period shall be invalid because the justice has not set a day certain for entering judgment and given notice of such time to the parties. It is said that the rule in effect before the Act of March 22, 1877, supra, to wit, that a justice of the peace must give notice to all parties of the time he will render his judgment and if this is not done, the judgment can be set aside on certiorari, is not altered by the statute: Subordinate Courts in Penna., Valentine, page 291, and cases cited in note 169. What good reason can there be for setting aside a judgment of a justice of the peace on such grounds? If the judgment is given within the 10-day period and notice of such

action given promptly to the parties, who can be hurt? The said statute was plainly enacted to prevent justices of the peace from unduly delaying judgments or not entering any judgment at all. What advantage is gained by setting a definite day within the 10-day period to enter judgment or giving notice to the parties when judgment is to be entered if notice of entering judgment is given promptly to the parties? The only difference is that in the first case the parties can be present when judgment is entered and so know the same day against whom it is entered, whereas, in the second case, when notice of the entering of the judgment is promptly given to the parties, they may not know this fact until the first or second day after the judgment is entered. This situation prevails in the higher courts and has not been considered unsatisfactory or unfair. The time after judgment within which an appeal must be taken or a certiorari issued has always been of sufficient length so that the delay of a short time in a party being notified of the judgment does not prejudice his right to an appeal or certiorari. In the instant case, notice was promptly sent to defendants' attorney, was received by him, by his own admission, and a certiorari was issued well within the time allowed by law. The hearing was held November 17, 1948, judgment was given against defendants November 26, 1948, notice sent their attorney November 27, 1948, which was received by him, and a certiorari issued December 11, 1948, pursuant to defendants' præcipe. What better position could defendants be in if the justice of the peace had set a day certain at the hearing to give judgment, or sent a notice when he would give judgment? They had not been harmed and to set aside the judgment, on such a technical ground as contended for, would be without any sound basis in law and an injustice to plaintiffs. There is considerable authority for this position.

In Grady v. Bonner, 38 Pa. C. C. 442, it is said:

"The defendant's third and fourth exceptions seem to be based upon the supposition that where a justice holds a case under advisement, the judgment may not be entered subsequently without previous notice to the parties against whom it is rendered. We do not understand this to be the rule. Where the justice fails to adjourn to a fixed day and hour, but enters his judgment within the ten days, the best-considered cases uniformly hold that a notice of the entry of the judgment is sufficient. The purpose of the notice is to give the defeated party an opportunity of taking his appeal within twenty days. In this case the defendant was notified upon the same day that judgment was rendered, and he has, therefore, been deprived of no legal rights and subjected to no injury by the action of the justice."

In Dove v. Tucker, 2 Blair 381, in which the exceptions to the record of the alderman, brought up on certiorari, were, that it failed to show an adjournment or reservation of decision to a fixed time, or that any notice was given to defendants of the time of the entry of the judgment or that any legal notice was given to defendants of the entry of the judgment, the court held, pages 381-382:

". . . the intention of the Act [presumably the Act of 1877, supra] was that parties should have proper notice of disposition of cause, that where a letter is mailed, the presumption is, the one to whom it was addressed received it, and one of the defendants, party complaining, having within 15 days issued a certiorari it was conclusive of notice, . . .".

The exceptions were dismissed and the judgment affirmed.

In Luke v. Schleger, 3 Kulp 505, 506, the court states:

"In the case before us the hearing took place on May 9, 1885. The parties appeared, the witnesses were examined, and the case was closed. Under the act of March 22, 1877, the justice was authorized to hold the case under consideration and defer entering judgment for the period of ten days, and this without notice. And we are unable to see how the defendant has been deprived of any legal right or subjected to any injury by the action of the justice. It is clear that, in some way, he ascertained the fact that judgment had been entered against him, for within thirteen days thereafter he applied for and obtained this certiorari."

In McDonald v. O'Neill, 5 Kulp 97, Rice P. J., states, page 98:

"There was no irregularity in the alderman holding the case under advisement for a period not exceeding ten days (Act March 22, 1877, P. L. 13, P. D. 986, pl. 62), provided the defendant below had due notice of the judgment. It is not contended that he did not have such notice."

In Fessler v. Sharp, 7 Dist. R. 652, a case in which judgment was not given for more than 10 days after the hearing and no notice given, the court states as the second reason for reversing the judgment:

"2. Because the magistrate, having withheld his decision to a future day which was not fixed, it became his duty to notify the parties when judgment was entered, and his failure to do so was a fatal error: Leslie v. Innes, 3 District Reps. 689."

In Leslie v. Innes, 3 Dist. R. 689, Bell, P. J., states, page 690:

"The practice of deferring decision without day, or without fixing a time when a judgment will be rendered, is to be reprobated, and certainly is not to be commended; but if a magistrate does choose to reserve his judgment without day, it is certainly imposing no great hardship on him to ask that his record show

affirmatively that defendant was given legal notice of the judgment when it was rendered."

From these authorities we have concluded that if a justice of the peace reserves judgment without day but renders judgment within 10 days and gives prompt notice of such judgment to the parties, the judgment is valid. In the present case, judgment was entered within 10 days and the complaining party admits receipt of notice by his attorney, which was mailed to him the day after the entry of the judgment. As we have before stated, defendants were not harmed and we see no reason to reverse or set aside the judgment of the justice of the peace on the grounds set forth in the first, second and third exceptions.

In reference to the second question involved, which is raised by the fourth and fifth exceptions, we can see no reason why the justice of the peace did not have a right to correct his record, so that it was in accord with the actual facts, before it was returned to this court pursuant to certiorari. The docket entries appear to have originally contained the statement: "Nov. 26, 1948, judgment rendered publicly for the plaintiffs, Myrtle A. Byers and Margaretta B. Bitner in the sum of $82.50 together with the costs of the suit and against the defendants, Glenn C. Strine and Agnes E. Strine." The justice corrected the names of the defendants to read Glenn C. Stine and Agnes E. Stine. Defendants, as set forth in the caption of the case, in the return of the constable's service of summons, and in the appearances at the hearing are stated to be Glenn C. Stine and Agnes E. Stine. The only change made by the justice of the peace in his record was correcting the surnames of those referred to as defendants, which did not do anything more than name correctly those against whom judgment had been given as defendants. It merely corrected what appears to be an inadvertent error in spelling so as to properly and correctly state

the persons against whom judgment was given as defendants.

The law in regard to amendment of record of justices of the peace, prior to its return on certiorari, is stated in Subordinate Courts in Penna., Valentine, sec. 252, p. 515, as follows: ". . . before the record is sent up, the justice may make any alteration he may see fit, at his own instance or upon application of either party to make the record agree with the facts of the case, even to the amending of the return of service." See The Wilderman Co. v. St. Mary's Church of Plymouth, Pa., 2 Justices' L. Rep. 200.

In The Heirs of J. P. Korb v. F. K. Knarr, 9 Justices' L. Rep. 274, it is stated, page 275: "It has always been the rule that a Justice can amend his record to conform to the truth and actual facts so long as it remains within his control. Kearney v. Pennock, 12 Pa. C. C. Reps. 37."

In the instant case, whatever correction was made by the justice of the peace to his record, was made before he returned his transcript to this court on certiorari. There is no contention that the record as returned is not in accord with the actual facts for it is clear that judgment was given against defendants and there is no contention that the persons named in the justice's record, as disclosed in the transcript returned pursuant to certiorari, are not the actual defendants in the instant proceeding. When the justice of the peace gave judgment against defendants and then incorrectly spelled their surnames, it was not only proper but his duty, when he had by inadvertence or mistake wrongly spelled the names of actual defendants, to correct that mistake and correctly set forth the names of actual defendants. This he did before his transcript was returned to this court pursuant to certiorari. On the other hand, if the record was not corrected but the mistake was only made in the tran-

script sent to defendants as notice of rendering judgment, no question can arise for defendants knew they were defendants in the case and that when judgment was given against defendants they were the persons meant, and were as fully notified of the entry of judgment against them as if their surnames had been correctly spelled.

All of the exceptions of defendants are overruled and the judgment of the justice of the peace must be affirmed.

Now, June 24, 1949, exceptions dismissed and judgment of the justice of the peace affirmed.